# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

RUSSELL R. AKERS,

          Plaintiff,

v.　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.   2:21-cv-00660

QUALITY CARRIERS, INC.,

          Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Complaint* (Document 1-1), the Defendant's *Motion to Dismiss* (Document 3), and the *Memorandum in Support of Motion to Dismiss* (Document 4).[1]  For the reasons stated herein, the Court finds that the *Motion to Dismiss* should be granted, and the *Complaint* should be dismissed for failure to state a claim upon which relief can be granted.

## FACTUAL ALLEGATIONS

The Plaintiff, Russell R. Akers, brings this action against the Defendant, Quality Carriers, Inc., alleging the latent manifestation of pancreatic cancer caused by exposure to unidentified chemicals during the course of his employment for the Defendant's predecessors in interest. From January 1977 until 1985, Mr. Akers was employed by Union Carbide Corporation.  At that point, operation of Union Carbide Corporation was transferred to Chemical Leaman Tank Lines, Inc., now known as Quality Carriers, Inc.  Mr. Akers continued his employment with Chemical Leaman Tank Lines, Inc. from 1985 until 1991.

---

[1] The Defendant filed and served its *Motion to Dismiss* on December 22, 2021.  LR Civ. P. 7.1(a)(7) of the Local Rules of Procedure for the United States District Court for the Southern District of West Virginia gives parties 14 days from the date of service to file a response to a motion to dismiss.  The Plaintiff has not filed a response.

As a tank cleaner, Mr. Akers primarily was responsible for the "flushing out and removal of chemical components from rail tank cars" at a worksite operated by his employer. (Compl. § II) (Document 1-1.) The Defendant's predecessor allegedly "maintained a hazardous workplace which on a daily basis endangered the health and wellbeing of the Plaintiff and all of his co-workers." (Compl. § III.) Additionally, "no protective gear in the form of hazmat suit or the like was provided to protect the Plaintiff and others against the exposure to such hazardous chemicals and to the potential adverse health effects resulting therefrom." (Compl. § IV.)

After consultation with several medical professionals and health care providers, the Plaintiff was ultimately diagnosed with pancreatic cancer on November 20, 2019. His doctor, Dr. Muhammad Omer Jamil, "confirmed to the Plaintiff that the probable cause of the pancreatic cancer was…Plaintiff's prior exposure to one or more chemicals to which the Plaintiff and others were regularly and repeatedly exposed." (Compl. § VII.) The Plaintiff alleges that his treatment is ongoing, and he has incurred hundreds of thousands of dollars in medical bills. He asserts that his pain, suffering and distress is "directly attributable to the gross negligence of his predecessor employer, Union Carbide Corporation, whose conduct rises to the threshold of a 'Manolis' standard of tortious conduct." (Compl. Prayer)

### STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff

3

to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant urges the Court to dismiss the Complaint. It argues that under West Virginia's Workers' Compensation Statute, it is immune from common law liability for the Plaintiff's alleged injury from workplace exposure. The Defendant argues that neither exception to this immunity is applicable or alleged. First, it contends there is no allegation that the Defendant has not fulfilled its obligations under the statute. Second, it contends that the "deliberate intention" exception to immunity is not applicable because the Plaintiff must have first filed a claim for Workers' Compensation benefits, which is not alleged in the Complaint. In the alternative, even if he did not need to file a claim for Workers' Compensation benefits for this exception to apply, the Defendant asserts that the Plaintiff fails to adequately plead facts to support the required elements of "deliberate intention". Finally, the Defendant alleges that the Complaint fails to comply with the proper procedure required by the West Virginia Code.[2]

---

2 The Defendant's motion asserts that the Plaintiff has failed to follow the procedures of W.Va. Code § 23-4-2(d)(2)(B) as an alternative ground for dismissal. While this provision is present in the current version of the section, it was not included in the 2005 amendments. As detailed herein, the Court finds that the 2005 version of the statute is controlling in this matter. Therefore, the Court will not address this argument.

West Virginia's Workers' Compensation Statute provides broad immunity to employers from lawsuits brought by employees based on workplace injuries or death. W. Va. Code 23-2-6. The available benefits under the statute, in turn, "supplant common law remedies, making an employer, in compliance with the Act, immune from common law liability to its employees for negligently causing injuries." *United Financial Casualty Company v. Ball*, 941 F.3d 710, 714 (4th Cir. 2019). This general immunity from suit "is not easily lost." *Roney v. Gencorp*, 431 F.Supp.2d 622, 627 (S.D. W.Va. 2006). Under the statute, an employer may only lose this immunity, in full or in part, in two ways: (1) defaulting on payments or otherwise failing to comply with the provisions of the act, *see* W. Va. Code §§ 23-2-6, 23-2-8, or (2) if the injury stems from the "deliberate intention" of the employer. *See* W. Va. Code § 23-4-2(c). Absent these exceptions, an employee's exclusive remedy for a workplace injury is through the Workers' Compensation fund. *See Young v. Apogee Coal Co., LLC*, 753 S.E.2d 52, 55 (W. Va. 2013).

Here, accepting all alleged facts as true and drawing all reasonable inferences in favor of the Plaintiff, the Complaint fails to state a claim for either exception to employer immunity.

The West Virginia Workers' Compensation Statute provides:

> Any employer subject to this chapter who subscribes and pays into the workers' compensation fund the premiums provided by this chapter or who elects to make direct payments of compensation as provided in this section is not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which the employer is not in default in the payment of the premiums or direct payments and has complied fully with all other provisions of this chapter.

W. Va. Code 23-2-6. Thus, so long as an employer both pays its premiums and otherwise complies with the statute's mandates, it remains immune from common law liability for workplace

5

injuries. Although more than thirty years have lapsed since the Plaintiff was last employed by the Defendant's predecessors in interest, clearly he has alleged a workplace injury, and the general provisions of the Workers' Compensation statute apply.[3] Further, the general immunity provision, cited above, has remained substantively unchanged since at least 1975, and was, therefore, in effect throughout Plaintiff's employment with the Defendant's predecessors.[4] The Plaintiff does not allege that either the Defendant, or Defendant's predecessors in interest, defaulted in any payments or otherwise failed to meet the requirements of the statute. Thus, he has failed to plead facts sufficient to prove this exception to his employer's statutory immunity to common law liability.

The only other way the Plaintiff could recover outside of the statute's Workers' Compensation system is if the "deliberate intention" exception applies. The "deliberate intention" exception allows for an employee to recover excess damages above that received under the statute if the injury results "from the deliberate intention" of the employer. *Roney*, 431 F. Supp. 2d at 630 (citing W. Va. Code 23-4-2(c)).

As a threshold matter, given the different requirements under multiple versions of the relevant statutory provision, the Court must first determine which version of the "deliberate intention" section is applicable. The West Virginia Legislature amended the relevant section in 2005, and again in 2015. In 2005, the section allowed employees, alleging deliberate intention, to bring a "cause of action against the employer . . . for any excess of damages over the amount received or receivable in a claim for benefits under this chapter, *whether filed or not*." W. Va.

---

[3] In *Roney v. Gencorp*, this Court similarly applied the West Virginia Workers' Compensation Act to a latent injury from workplace exposure that occurred decades prior. 431 F. Supp. 2d 622 (S.D. W. Va. 2006).
[4] See, e.g., 1975 West Virginia Laws ch. 145 (H.B. 821); 1991 West Virginia Laws ch. 16 (S.B. 132); 2003 West Virginia Laws 2nd. Ex. Sess. Ch. 27 (S.B. 2013).

Code § 23-4-2(c) (2005) (emphasis added). Thus, under the plain meaning of the 2005 version, filing a claim for benefits under the statute's compensation scheme was not a prerequisite for filing a lawsuit. The Legislature altered this in 2015, adding the new requirement that "[t]o recover under this section, the employee . . . must, unless good cause is shown, have filed a claim for benefits under this chapter." W. Va. Code § 23-4-2(c). Therefore, while the Plaintiff's failure to file for workers' compensation benefits would not be fatal to the deliberate intention claim under the 2005 version, it would be fatal under the current version.

Historically, West Virginia courts have held that the statute in effect at the time of the injury should control. *See, e.g.*, *Smith v. State Workmen's Compensation Comm'r*, 219 S.E.2d 361, 363-64 (W. Va. 1975). However, prior to applying this general rule, the Court first looks to the specific language the legislature utilized. *State ex rel Roy Allen S. v. Stone,* 474 S.E.2d 554, 560 (W. Va. 1996) (A court must "look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail, and further inquiry is foreclosed."). The plain text of both versions of the statute gives clear guidance on the applicable law. In 2005, the amended section was applied to "all injuries occurring *and all actions filed* on or after the first day of July, two thousand five." W. Va. Code § 23-4-2(f) (2005) (emphasis added). This updated version extended the reach of its applicability beyond injuries occurring on or after July 1, 2005, to also include any lawsuits filed on or after that date. The 2015 version, however, does not include such a clause. Instead, the relevant sections read:

> (f) The reenactment of this section in the regular session of the Legislature during the year 2015 does not in any way affect the right of any person to bring an action with respect to or upon any cause of action which arose or accrued prior to the effective date of the reenactment.

7

>   (g) The amendments to this section enacted during the 2015 session of the Legislature shall apply to all injuries occurring on or after July 1, 2015.

W. Va. Code §23-4-2(f)-(g). Unlike the 2005 version, these amendments apply only to injuries suffered on or after July 1, 2015. It further provides that this applicability provision does not impact claims which arose or accrued prior to the amendment. In this case, the Complaint was brought in 2021, but the alleged injury occurred between 1977 and 1991. Thus, while the lawsuit was initiated after the 2005 amendment and the 2015 amendment, the injury occurred beforehand. Therefore, by its terms, the 2015 statute does not cover the injury alleged in the Complaint, but the broader language contained in the 2005 amendment could. Accordingly, based on the express terms of both amendments, the 2005 version, which does not make the filing of a benefit claim a prerequisite to filing suit, applies. Thus, the Plaintiff's failure to allege the filing of a workers' compensation claim would not defeat a deliberate intent action.

However, despite this, the allegations in the Complaint fall woefully short of establishing the statutory elements for a "deliberate intention" claim. Under this exception, the immunity from suit provided by the statute "may only be lost if the employer or person against whom liability is asserted acted with 'deliberate intention.'" W. Va. Code § 23-4-2(d)(2) (2005). This may only be satisfied in one of two ways: (1) specific intent by the employer, or (2) demonstration of an unsafe working condition. W. Va. Code 23-4-2(d)(2)(i) -(ii) (2005).

To prove that the employer acted with specific intent, the employee must prove that the employer "acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." W.Va. Code 23-4-2(d)(2)(i) (2005). It specifically excludes allegations or even proof of negligent conduct "no matter how gross or

aggravated" and "willful, wanton or reckless misconduct." *Id.* The Plaintiff alleges nothing to reach this level of specific intent. In fact, the prayer for relief specifically attributes the injury to the "gross negligence" of the employer. Clearly, this path to recovery is not plausibly alleged.

The second pathway to satisfying the "deliberate intention" exception is through demonstration of an unsafe work condition. To meet this standard, the Plaintiff must allege and prove five specific elements:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
>
> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii) (2005). These elements have not been alleged. The Complaint contains the conclusory allegation that the "Defendant's predecessor maintained a hazardous workplace" which endangered its employees daily. (Compl. § III). Further, the Plaintiff alleges that no protective gear was provided to the workers. This is the extent of the allegations regarding the maintenance of an unsafe working condition.

Through a liberal reading of the Complaint, the Plaintiff has arguably pled the first element, that a dangerous condition existed. However, even under a liberal reading, the Plaintiff fails to allege the remaining elements. There is no allegation that the employer was aware of "the high degree of risk and the strong probability of serious injury or death" from exposure to the chemical components, or what the chemicals were. No allegation points to any specific state or federal statute, rule, or regulation, or any common industry safety measure that was violated. Additionally, no allegation asserts that the employer was aware of the high risk and intentionally exposed employees to it. Finally, while the Complaint contains an allegation that the workplace condition is the probable cause of the injury, the Plaintiff does not allege, with any specificity, that the chemicals were the direct and proximate cause of his injury.

Accordingly, because the Plaintiff fails to state a claim upon which relief can be granted, under either exception to the employer's immunity, the Complaint must be dismissed.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Dismiss* (Document 3) be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 7, 2022

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA